## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| TRAJECTORY HOLDINGS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 4:24-CV-00269 |
| | ) | |
| | ) | |
| CITY OF PAGEDALE, et al. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## ANSWER AND DEFENSES OF DEFENDANTS THE CITY OF PAGEDALE AND WILLIAMS

Defendants, the City of Pagedale, Missouri, and Gloria Williams, give the following Answer to Plaintiff's Complaint (Doc. No. 1), along with its Statement of Affirmative and Additional Defenses to the same:

Defendants, the City of Pagedale, Missouri, (the "City" or "Pagedale") and Gloria Williams ("Williams"), (together, the "Defendants") deny each and every allegation of the Complaint, except as expressly admitted, qualified, or otherwise answered; any factual averment admitted is admitted only as to the specific fact and not as to any conclusions, characterizations, implications, or speculations contained in any paragraph or in the Complaint as a whole. The Defendants also deny all allegations contained in headings, prayers for relief, footnotes, any unnumbered paragraphs of the Complaint, and any chronological order implied by numbered or unnumbered paragraphs of the Complaint.

Further answering, the Defendants state as follows:

## COMPLAINT
## 1983: UNREASONABLE SEIZURE OF REAL PROPERTY, RETALIATION FOR EXERCISE OF RIGHT OF ACCESS TO THE COURTS, AND VIOLATION OF PROCEDURAL DUE PROCESS – MONELL LIABILITY, AND DECLARATORY AND INJUNCTIVE RELIEF, AND STATE LAW: SUNSHINE ACT VIOLATION

### INTRODUCTION

1.      The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph about Plaintiff or Tenant and therefore deny the same.  The Defendants deny all factual allegations about the Defendants.

### PRELIMINARY ALLEGATIONS

### Parties

2.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

3.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

4.      Admitted.

5.      Admitted.

6.      This Paragraph contains nor asserts any factual allegation to which a response is required.  To the extent any response is deemed necessary, Defendants deny same.

### Jurisdiction and Venue

7.      This Paragraph contains nor asserts any factual allegation to which a response is required.  To the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

8.     This Paragraph contains nor asserts any factual allegation to which a response is required.  To the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

9.     This Paragraph contains nor asserts any factual allegation to which a response is required.  To the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

10.     This Paragraph contains nor asserts any factual allegation to which a response is required.  To the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

### Color of State Law

11.     This Paragraph contains Plaintiff's own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants deny any factual allegations in this Paragraph.

### Jury Demand

12.     This Paragraph contains nor asserts any factual allegation to which a response is required.  To the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

### FACTS

13.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

14.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

15.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

16.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

17.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

18.     Denied.

19.     Defendants admit only that Pagedale Inspector Pamela Nichols inspected the property on or about February 22, 2023.

20.     Denied as alleged.  Defendants admit only that Trajectory called and wrote about the inspection report.

21.     Defendants admit only that Nichols issued a Residential Property Inspection report, dated March 9, 2023, that identified necessary work and repairs. Defendants deny that almost all of the issues identified were "cosmetic in nature." Further answering, Defendants assert that the document alleged speaks for itself and Defendants deny any factual allegation inconsistent with same.

22.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

23.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

24.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

25.     Defendants admit only the fact alleged in this Paragraph and only insofar as the alleged writing or communication occurred on or about April 11, 2023; Defendants' responses to "the above facts" are above, only, and Defendants deny any of "the above facts" not specifically asserted in the Complaint.  Further answering,

4

Defendants assert that the document alleged speaks for itself and Defendants deny any factual allegation inconsistent with same.

26.     Admitted.  Further answering, Defendants assert that the document alleged speaks for itself and Defendants deny any factual allegation inconsistent with same.

27.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

28.     Defendants admit only that Gregg and Douglas participated in the April 13, 2023, Board of Alderperson's Meeting.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph regarding "authorized representatives" and therefore deny the same.

29.     Defendants deny Douglas was interrupted by Alderpersons and "had to fight" to make his points.  Defendants admit, generally, that Douglas expressed concerns related to the inspection of the property.

30.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

31.     Denied.

32.     Denied.

33.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

34.     Denied.

35.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

36.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

37.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

38.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

39.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

40.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

41.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

42.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

43.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

44.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

45.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

46.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

47.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

48.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

49.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

50.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

51.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

52.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

53.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

54.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

55.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, specifying a date and other chronological information, and therefore deny the same.  Defendants admit only that Nichols and Millett participated in a telephone call with Gregg.

56.    Denied.

57.    Defendants admit that Gregg told Nichols and Millett that Carroll had not paid rent.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph and therefore deny the same.

58.    Denied.

59.    Defendants deny expressing any "slur."  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph and therefore deny the same.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Defendants admit Nichols expressed to Gregg that the re-inspection approval was issued at the Mayor's instruction some date or time after the April 13, 2023, Board of Alderperson's Meeting.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph and therefore deny the same.

65.    Denied.

66.    This Paragraph contains Plaintiffs' own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

67.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, specifying a date and other chronological

information, and therefore deny the same.  Defendants admit only that notice was affixed to the property.

72.    Admitted, insofar as the factual allegation in this Paragraph is not inconsistent with the document alleged; Defendants deny any factual allegation inconsistent with the document, which speaks for itself.

73.    Defendants admit only that Williams served as Alderperson and Building Commissioner.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph, and therefore deny the same.

74.    Admitted, insofar as the factual allegation in this Paragraph is not inconsistent with the document alleged; Defendants deny any factual allegation inconsistent with the document, which speaks for itself.

75.    Defendants admit only that the City removed the notice.  Defendants deny the remaining factual allegations in this Paragraph.

76.    This Paragraph contains Plaintiffs' own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

77.    This Paragraph contains Plaintiffs' own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

78.    This Paragraph contains Plaintiffs' own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

79.     This Paragraph contains Plaintiffs' own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

80.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

81.     Denied.

82.     Denied.

83.     This Paragraph contains Plaintiffs' own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

84.     Admitted, insofar as the factual allegation in this Paragraph is not inconsistent with the document alleged; Defendants deny any factual allegation inconsistent with the document, which speaks for itself.

85.     Admitted, insofar as the factual allegation in this Paragraph is not inconsistent with the document alleged; Defendants deny any factual allegation inconsistent with the document, which speaks for itself.

86.     Admitted, insofar as the factual allegation in this Paragraph is not inconsistent with the document alleged; Defendants deny any factual allegation inconsistent with the document, which speaks for itself.

87.     Admitted, insofar as the factual allegation in this Paragraph is not inconsistent with the document alleged; Defendants deny any factual allegation inconsistent with the document, which speaks for itself.

88.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

89.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

90.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

91.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

92.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

93.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

94.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

95.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

96.     Denied.

97.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

98.     This Paragraph contains Plaintiffs' own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

99.     Admitted, insofar as the factual allegation in this Paragraph is not inconsistent with the document alleged; Defendants deny any factual allegation inconsistent with the document, which speaks for itself.

100.     Admitted, insofar as the factual allegation in this Paragraph is not inconsistent with the document alleged; Defendants deny any factual allegation inconsistent with the document, which speaks for itself.

101.     Admitted, insofar as the factual allegation in this Paragraph is not inconsistent with the document alleged; Defendants deny any factual allegation inconsistent with the document, which speaks for itself.

102.     Admitted, insofar as the factual allegation in this Paragraph is not inconsistent with the document alleged; Defendants deny any factual allegation inconsistent with the document, which speaks for itself.

103.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

104.     Admitted, insofar as the factual allegation in this Paragraph is not inconsistent with the document alleged; Defendants deny any factual allegation inconsistent with the document, which speaks for itself.

105.     Admitted, insofar as the factual allegation in this Paragraph is not inconsistent with the document alleged; Defendants deny any factual allegation inconsistent with the document, which speaks for itself.

106.     Admitted, insofar as the factual allegation in this Paragraph is not inconsistent with the document alleged; Defendants deny any factual allegation inconsistent with the document, which speaks for itself.

107.     This Paragraph contains Plaintiffs' own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

108.    This Paragraph contains Plaintiffs' own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

109.    This Paragraph contains Plaintiffs' own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

110.    This Paragraph contains Plaintiffs' own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

111.    This Paragraph contains Plaintiffs' own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

112.    This Paragraph contains Plaintiffs' own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

113.    This Paragraph contains Plaintiffs' own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

114.    This Paragraph contains nor asserts any factual allegation to which a response is required.  To the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

115.    This Paragraph contains nor asserts any factual allegation to which a response is required.  To the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

116.    This Paragraph contains nor asserts any factual allegation to which a response is required.  To the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

117.    This Paragraph contains Plaintiffs' own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

118.    This Paragraph contains Plaintiffs' own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

119.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

120.    This Paragraph contains nor asserts any factual allegation to which a response is required.  To the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

121.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.  Defendants deny any implied allegation of cause, fault, or liability.

122.    Defendants deny the alleged duration for which a City sticker was affixed to the house.  Defendants are not required to respond to the remainder of this Paragraph, which consists of speculation and conjecture only; to the extent any response is deemed necessary, Defendants deny any remaining factual allegation in this Paragraph.

123.    This Paragraph contains Plaintiffs' own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

124.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

125.    Defendants are not required to respond to this Paragraph, which consists of speculation and conjecture only; to the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

126.    This Paragraph contains Plaintiffs' own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

127.    This Paragraph contains nor asserts any factual allegation to which a response is required.  To the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

128.    This Paragraph contains Plaintiffs' own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

129.    This Paragraph contains Plaintiffs' own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

130.    This Paragraph contains Plaintiffs' own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

131.    This Paragraph contains Plaintiffs' own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

132.    This Paragraph contains nor asserts any factual allegation to which a response is required.  To the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

133.    This Paragraph contains nor asserts any factual allegation to which a response is required.  To the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

134.    This Paragraph contains nor asserts any factual allegation to which a response is required.  To the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

135.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

136.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

137.    Admitted, insofar as the factual allegation in this Paragraph is not inconsistent with the document alleged; Defendants deny any factual allegation inconsistent with the document, which speaks for itself.

138.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

139.    Admitted, insofar as the factual allegation in this Paragraph is not inconsistent with the document alleged; Defendants deny any factual allegation inconsistent with the document, which speaks for itself.

140.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

141.    Admitted, insofar as the factual allegation in this Paragraph is not inconsistent with the document alleged (dated January 23, 2024); Defendants deny any factual allegation inconsistent with the document, which speaks for itself.

142.    This Paragraph contains Plaintiffs' own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

143.    Admitted, insofar as the factual allegation in this Paragraph is not inconsistent with the document alleged; Defendants deny any factual allegation inconsistent with the document, which speaks for itself.

144.    Defendants admit only that the City removed the notice.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph and therefore deny the same.

145.    This Paragraph contains Plaintiffs' own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

146.    Denied.

147.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

148.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

**COUNT I**
**FEDERAL CLAIM**
**4TH AMENDMENT SEIZURE AGAINST DEFENDANT WILLIAMS**

149.    Defendant Williams incorporates all prior answers and responses.

150.    This Paragraph contains Plaintiffs' own legal conclusions, which Defendant Williams is not required to admit or deny; to the extent any response is deemed necessary, Defendant Williams denies any factual allegation in this Paragraph.

151.    This Paragraph contains Plaintiffs' own legal conclusions, which Defendant Williams is not required to admit or deny; to the extent any response is deemed necessary, Defendant Williams denies any factual allegation in this Paragraph.

152.    Denied.

153.    This Paragraph contains Plaintiffs' own legal conclusions, which Defendant Williams is not required to admit or deny; to the extent any response is deemed necessary, Defendant Williams denies any factual allegation in this Paragraph.

FURTHER, Defendant Williams denies that Plaintiff is entitled to judgment on Count I of the Complaint.  Defendant Williams denies, too, that Plaintiff is entitled any relief sought in Count I of the Complaint and denies that Plaintiff has stated any claim upon which relief can be granted.

## COUNT II
## FEDERAL CLAIM
## RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHT OF ACCESS TO THE COURTS AGAINST WILLIAMS AND CITY OF PAGEDALE

154.    Defendants incorporate all prior answers and responses.

155.    This Paragraph contains Plaintiffs' own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

156.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny the same.

157.    This Paragraph contains Plaintiffs' own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

158.    Denied.

159.    This Paragraph contains Plaintiffs' own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

160.    Denied.

161.    This Paragraph contains Plaintiffs' own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

FURTHER, Defendants deny that Plaintiff is entitled to judgment on Count II of the Complaint.  Defendants deny, too, that Plaintiff is entitled any relief sought in Count II of the Complaint and denies that Plaintiff has stated any claim upon which relief can be granted.

## COUNT III
## FEDERAL CLAIM
## DENIAL OF PROCEDURAL DUE PROCESS AGAINST WILLIAMS AND CITY OF PAGEDALE

162.    Defendants incorporate all prior answers and responses.

163.    Admitted; Defendants deny any implied factual allegation regarding Plaintiff's right or entitlement to any hearing and admit only the specific fact alleged.

164.    Denied.

FURTHER, Defendants deny that Plaintiff is entitled to judgment on Count III of the Complaint.  Defendants deny, too, that Plaintiff is entitled any relief sought in Count

III of the Complaint and denies that Plaintiff has stated any claim upon which relief can be granted.

### COUNT IV
### FEDERAL CLAIM
### DECLARATORY AND INJUNCTIVE RELIEF AGAINST WILLIAMS AND CITY OF PAGEDALE

165.    Defendants incorporate all prior answers and responses.

166.    This Paragraph contains Plaintiffs' own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

167.    Denied.

FURTHER, Defendants deny that Plaintiff is entitled to judgment on Count IV of the Complaint.  Defendants deny, too, that Plaintiff is entitled any relief sought in Count IV of the Complaint and denies that Plaintiff has stated any claim upon which relief can be granted.

### COUNT V
### STATE LAW CLAIM
### SUNSHINE ACT VIOLATION AGAINST CITY OF PAGEDALE

168.    Defendants incorporate all prior answers and responses.

169.    This Paragraph contains Plaintiffs' own legal conclusions, which Defendants are not required to admit or deny; to the extent any response is deemed necessary, Defendants admit only that Plaintiff, acting through its attorney, submitted the document attached to Plaintiff's Complaint as Exhibit 2.

170.    Denied.

171.    Defendants admit only that Plaintiff, acting through its attorney, submitted the document attached to Plaintiff's Complaint as Exhibit 3

172.    Denied.

173.   Denied.

174.   Denied.

175.   Denied.

176.   This Paragraph contains nor asserts any factual allegation to which a response is required.  To the extent any response is deemed necessary, Defendants deny any factual allegation in this Paragraph.

FURTHER, Defendant Pagedale denies that Plaintiff is entitled to judgment on Count V of the Complaint.  Defendant Pagedale denies, too, that Plaintiff is entitled any relief sought in Count V of the Complaint and denies that Plaintiff has stated any claim upon which relief can be granted.

---

Further answering, the Defendants state as follows:

## ADDITIONAL RESPONSES

The Defendants deny all allegations in Plaintiff's Complaint not specifically admitted herein.

The Defendants deny that Plaintiff is entitled to any of the relief requested in the Complaint.

## JURY TRIAL DEMAND

If this case is not disposed of prior to trial, the Defendants hereby demand a trial by jury on all issues triable by a jury.

---

## AFFIRMATIVE AND ADDITIONAL DEFENSES TO ALL COUNTS

While continuing to deny the material allegations of the Complaint, the Defendants assert the following affirmative and additional defenses and, without assuming the burden of proof with regard to these defenses where such burden properly belongs to Plaintiff, state as follows:

A.   **Failure to State a Claim**.  Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendants and fails to state a claim upon which relief may be granted against Defendants so that the same should be dismissed at Plaintiff's costs.

B.   **No *Monell* Liability**.  For further answer, and by way of affirmative defense, the City states that (i) Plaintiff's claims fail for want of any underlying constitutional violation in every count under 42 USC § 1983 and (ii) the Plaintiff's claims against the City do not survive scrutiny under *Monell v. Department of Soc. Servs.*, 436 U.S. 658 (1978).

C.   **No *Monell* Liability**.  The City asserts that the alleged injuries of Plaintiff were not caused by any official policy or unofficial custom or practice of the City and were not caused by any act or omission by the City's official policy maker or policy makers.

D.   **Qualified Immunity**.  Williams is entitled to qualified immunity from suit and liability for and against all claims brought against her under 42 U.S.C. § 1983. Among other reasons, Williams did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known.

E.   **Other Immunities**.  To the extent that any claim for which they are applicable is brought against Williams, she is protected from liability by official immunity, the public duty doctrine, and/or sovereign immunity.

F.    **Sovereign Immunity**.  To the extent Plaintiff's claims against the City (or Defendant Williams in her official capacity) do, or are construed in any fashion to, arise under Missouri State law, such claims are barred by the doctrine of sovereign immunity, without waiver or exception.  Further, any liability under Missouri law (which is wholly denied) is capped by the limits of liability set forth in Mo. Rev. Stat. § 537.610, and should Plaintiff obtain a judgment against the City (or Defendant Williams in her official capacity) in excess of the limitations contained in Chapter 537, the Court should reduce the judgment pursuant to the limitation and cap on damages contained therein.

G.    **Good Faith**.  Defendants' actions and/or omissions were discretionary in nature and undertaken and performed in good faith and were objectively reasonable in all regards such that, among other things, none of the exceptions to the aforementioned immunities from Plaintiff's claims are established and such that liability does not exist as claimed.

H.    **Justified**.  The Defendants acted with objective reasonableness under the circumstances then-existing and their conduct was objectively reasonable and justified.

I.    **Statutes of Limitations**.  To the extent discovery reveals, Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation.

J.    **Failure to Exhaust Administrative Remedies**.  To the extent discovery reveals, Plaintiff's claims are barred by its failure to exhaust administrative remedies.

K.    **Punitive Damages Barred**.  Plaintiff's claims for punitive damages against Defendant are barred for one or more of the following reasons:

23

1. Any imposition of punitive damages against either Defendant in this case would constitute an excessive fine in violation of the Eighth Amendment to the United States Constitution;

2. Any recovery of punitive damages by Plaintiff in this case is barred by the Due Process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States because of the standards and procedures for determining and reviewing such awards under applicable law do not sufficiently ensure meaningful individualized assessment of appropriate deterrence and retribution;

3. Any recovery of punitive damages by the Plaintiff in this case is barred by the Due Process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States because there are not realistic standards or limits imposed on the amount of punitive damages which may be awarded, and there is no required relationship between the actual damages sustained and the amount of punitive damages which may be awarded;

4. Any recovery of punitive damages by the Plaintiff in this case is barred by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because of the vague standards employed in punitive damages cases results in extremely disparate results among similar defendants accused of similar conduct;

5. Any recovery of punitive damages by Plaintiff in this case is barred by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States since the purposes of punitive damages are punishment and

deterrence, and there are not adequate procedural safeguards in place to protect Defendants' right against self-incrimination, right to proof beyond a reasonable doubt, and right to freedom from unreasonable searches and seizures in this case; and

6. For all the same reasons as above based upon parallel provisions of the Missouri State Constitution.

L. **Action Beyond Scope of Authority**.  To the extent that any actions taken by any actor are deemed to have been taken in violation of any constitutional rights or other legal rights purportedly on behalf of the City, or are deemed to have been taken for the purposes of furthering his or her own financial and/or personal interests, such actions were taken in excess of and were outside the scope of any authority granted by the City and therefore are not binding on the City.

M. **Proximate Cause**.  Plaintiff's damages, if any, were proximately caused by its own acts, omissions, and/or negligence and/or the acts, omissions, and/or negligence of others whose conduct is beyond the control of Defendants and whose fault and conduct should be compared.

N. **Other Causes**.  The Defendants' acts or omissions relative to Plaintiff were not the cause of Plaintiff's alleged damages or injuries in that there were necessarily one or more intervening and/or superseding causes of said damages or injuries.

O. **Estoppel**.  Plaintiff's claims are barred under the doctrine of estoppel or equitable estoppel.

P. **Apportionment**.  In the event of adjudication of the issues in this case whereby any of the Defendants is held liable to respond to damages to Plaintiff, and for

all counts that may be submitted to the jury for which an apportionment is appropriate and supported by law, Defendants request a determination of the comparative fault of all parties and for determination and apportionment of the culpability of all parties set out in Plaintiff's Complaint, as well as other persons and/or entities who are not parties at the time this cause was submitted to a jury or tryer of fact but who may have entered into a release, covenant not to sue, or similar agreement with Plaintiff for a claim arising out of the alleged transaction or damages which are the basis of Plaintiff's causes of action.

Q.    **Setoff or Credit**.  In the event Plaintiff recovers any amount from another Defendant in this lawsuit, each Defendant is entitled to a credit or setoff against the amount of said recovery in the amount of any payment Plaintiff receives from another Defendant.

R.    **Additional Defenses**.  Defendant incorporates by reference every additional affirmative defense that may be uncovered or may be made known through investigation, discovery, or further litigation in this matter.  Consequently, Defendant specifically reserves the right to amend this Answer and to plead any additional affirmative defenses or defense of avoidance at the time they are discovered and as may be necessary for just resolution of this matter

Respectfully submitted,

**HELLMICH, HILL & RETTER, LLC**

**JASON S. RETTER**
Bar No. 59683

1049 North Clay Avenue
Kirkwood, Missouri 63122
Phone:  314 646 1110
Email: jason@hellmichhillretter.com
*Attorneys for Defendants*


## CERTIFICATE OF SERVICE

I hereby certify that, on April 29, 2024, the foregoing was filed electronically with the Clerk of Court to be served by operation of this Court's electronic filing system upon all counsel of record.

JASON S. RETTER