UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRAJECTORY HOLDINGS, LLC, )<br>)<br>  Plaintiff, )<br>)<br>vs. )<br>)<br>CITY OF PAGEDALE, et al., )<br>)<br>  Defendants. ) | Case No. 4:24-CV-269 SRW |

**CASE MANAGEMENT ORDER - TRACK 2: STANDARD**

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri, and the Rule 16 Conference held on **June 5, 2024**.

**IT IS HEREBY ORDERED** that the following schedule shall apply in this case, and will be modified only upon a showing of exceptional circumstances:

  **I.   SCHEDULING PLAN**

  1.   This case has been assigned to Track 2 (Standard).

  2.   Any motions for joinder of additional parties or amendment of pleadings shall be filed no later than **July 22, 2024**.

  3.   Disclosure shall proceed in the following manner:

    (a)   The parties shall make all disclosures required by Rule 26(a)(1), Fed. R. Civ. P. no later than **July 8, 2024**.

    (b)   Plaintiff shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed. R. Civ. P., no later than **November 29, 2024**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **December 27, 2024.**

    (c)   Defendant shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed. R. Civ. P., no later than **January 24, 2025**, and shall make expert

–1–

witnesses available for depositions, and have depositions completed, no later than **February 21, 2025**.

      (d)     The presumptive limits of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), Fed. R. Civ. P., and twenty-five (25) interrogatories per party as set forth in Rule 33(a), Fed. R. Civ. P., shall apply.

      (e)     The parties do not anticipate any requests for physical or mental examinations of parties, pursuant to Rule 35, Fed. R. Civ. P.

      (f)     All discovery shall be completed no later than **March 3, 2025**.

      (g)     Motions to compel shall be pursued in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above.

    4.     This case shall be referred to alternative dispute resolution on **November 1, 2024**, and that reference shall terminate on **February 3, 2025**.

    5.     Any Daubert motions, motions to dismiss, motions for summary judgment, or motions for judgment on the pleadings, must be filed no later than **April 28, 2025**. Briefs in opposition shall be filed within 21 days of the motion, and any reply briefs shall be filed within ten days of the response brief.

    6.     The pretrial conference will be held on **July 31, 2025**, at **10:00 a.m.**

## II.    ORDER RELATING TO TRIAL

This action is set for a **JURY** trial on **August 4, 2025**, at **9:00 a.m.** This is a three- week docket.

Pursuant to Local Rule 8.04 the court may tax against one or all parties the per diem, mileage, and other expenses of providing a jury for the parties, when the case is terminated or settled by the parties at a time too late to cancel the jury attendance or to use the summoned jurors in another trial, unless good cause for the delayed termination or settlement is shown.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty-one (21) days prior to the date set for trial:**

    **1.**     <u>Stipulation</u>:   Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used in Voir Dire).

**2.** <u>Witnesses</u>:

(a) Deliver to opposing counsel, and file with the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

(b) Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

**3.** <u>Exhibits</u>:

(a) Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs shall mark exhibits P-1, P-2, P-3, etc. Defendants shall mark exhibits D-1, D-2, D-3, etc.) and deliver to opposing counsel and file with the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced. The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to <u>Fed. R. Evid. 902(11)</u> or 902(12).

(b) Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to <u>Fed. R. Evid. 902(11)</u> or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

(c) No exhibit shall be shown to the jury in opening statements or at any other time until it is received in evidence or the Court has granted permission for the exhibit to be shown to the jury.

(d) Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order. Any objections not made in writing **at least fourteen (14) days prior to trial** may be considered waived.

**4.** <u>Depositions, Interrogatory Answers, and Request for Admissions</u>:

(a) Deliver to opposing counsel and file with the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. **At least fourteen (14) days before trial,** opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

(b) Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

**5.** <u>Instructions</u>:

    (a)    Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions **at least fourteen (14) days before trial** in light of opposing party's requests for instructions. (Each request must be supported by at least one pertinent citation.)

    (b)    Eighth Circuit Jury Instructions <u>will</u> be used in all cases if available. If instructions from any other source are proffered, they must be accompanied by case authority.

    (c)    Parties shall submit a clean copy and a dirty copy of each instruction proffered. A clean copy for the jury will reflect only Instruction No. _____ at the top with no further explanatory comments at the top or bottom of the page.

**6.**    <u>Trial Brief</u>:    Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

**7.**    <u>Motions in Limine</u>:    File all motions in limine to exclude evidence, <u>and submit a courtesy copy directly to the Court's chambers</u>, **at least fourteen (14) days before trial.**

So Ordered this 5th day of June, 2024.

_/s/ Stephen R. Welby_
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE